h STEWART, J.,
concurring.
I agree that the trial court’s judgment must be affirmed for the reasons expressed in the majority opinion. But it should be clear that this case raises serious public concerns and requires action by the Secretary of State to ensure that the laws governing notary qualifications are followed.
The legislature through La. R.S. 35:14 and the Louisiana Supreme Court through its inherent supervisory powers have limited the ability of disbarred and suspended lawyers to perform functions associated with the practice of law. Mr. Hingle, a disbarred lawyer, did not meet the requirements under La. R.S. 35:191(C), as he was not “otherwise qualified.” So the Secretary of State should not have appointed him as a notary. Mr. Hingle is now on notice that the legality of his notarial appointment is questionable at best, and he should take the necessary steps to protect those in the public who have sought his assistance and relied on his status as a notary. Hopefully, the Secretary of State will expeditiously act to resolve the status of Mr. Hingle’s notarial appointment.